# Columbus Grocery Co. v. Prince, *et al.*

### Detinue.

(Decided November 30, 1916.　73 South. 333.)

**Mortgages; Rights of Parties; Assignees; Proof of Assignment.**—The assignment of a motrgage upon personal property purporting to be signed by "A. C. S. Co.," the mortgagee, by "J. W. C.," without any evidence to show whether the mortgagee was a corporation or a partnership, and without proof of authority on the part of J. W. C. to assign and transfer the mortgage, is insufficient to support detinue by the assignee to recover the personal property.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Detinue by the Columbus Grocery Company against J. W. Prince and others, to recover certain personal property. From an adverse ruling on the evidence, plaintiff takes non suit with bill of exception. Affirmed.

Transferred from Court of Appeals.

RIDDLE, BURT & RIDDLE, for appellant.　GEO. A. SORRELL, for appellee.

MAYFIELD, J.—Appellant sued appellees in detinue to recover two mules. Appellant, it seems, relied solely for his right of recovery upon the fact of being the assignee of a mortgage executed by the defendants to the Alexander City Supply Company, and transferred and assigned to plaintiff.

The plaintiff proved the execution of the mortgage by the defendants, but failed to prove the assignment thereof by the mortgagee to the plaintiff. The court excluded all the evidence offered to prove the assignment; and plaintiff on this account took a nonsuit with a bill of exceptions.

There is no need to review the exceptions separately, which invoked the nonsuit. It is sufficient to say that, if the proffered evidence had been admitted, it would not have proven the execution of the transfer.

The assignment purported to be signed, "Alexander City Supply Company," by J. W. Causey. There was no evidence to show

[Vizard Invest. Co. v. Mobile Fish & Oyster Co.]

whether the mortgagee assignor was a corporation or a partnership, and there was utter failure of proof of any authority on the part of Causey to assign and transfer the mortgage. One witness said he "thought" Causey was the general manager of the Alexander City Supply Company; but there was a total absence of any evidence to show that, as such, he had any authority to assign the mortgage.

We do not mean to say that the proffered evidence would have shown, or that it was competent to show, that Causey executed the transfer or assignment; but, even if this be ruled in appellant's favor, still it would not have shown the execution of the transfer, and hence the plaintiff showed no title or right to recover, nor possible injury resulting from the nonsuit.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.